## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JESSICA T FOSTER,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **2:19-cv-00461-ACA** |
| | ] | |
| **ATELETA HOSPITALITY, LLC dba** | ] | |
| **CHICK-FIL-A, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

## <u>MEMORANDUM OPINION</u>

This matter is before the court on Plaintiff Jessica T. Foster's fourth motion to stay the proceedings while she obtains an attorney to represent her. (Doc. 18). For the reasons that follow, the court **DENIES** the motion and **WILL DISMISS** this action **WITHOUT PREJUDICE** for failure to state a claim, as required by 18 U.S.C. § 1915(e)(2)(B)(ii).

As background, Ms. Foster, proceeding *pro se*, filed this employment discrimination lawsuit on March 18, 2019. (Doc. 1). Her complaint does not describe any facts underlying the complaint (*see generally id.*), but she separately submitted a copy of the charge of discrimination filed with Equal Employment Opportunity Commission ("EEOC"), which sets out some factual allegations, as well as the EEOC's notice of right to sue (doc. 5). The magistrate judge to whom the

case was assigned granted Ms. Foster leave to proceed *in forma pauperis*, but ordered her to file an amended complaint correcting the deficiencies in her initial complaint. (Doc. 6). Ms. Foster did not file an amended complaint, and the magistrate judge issued an order to show cause why the case should not be dismissed for failure to prosecute. (Doc. 8). Ms. Foster did not respond to that order. Accordingly, the magistrate judge found that Ms. Foster's failure to prosecute the case warranted dismissal, and he reassigned the case to the undersigned. (Doc. 9).

Shortly after the reassignment of this case, Ms. Foster moved to stay the proceedings while she sought to hire an attorney to represent her. (Doc. 12). The court granted that motion and stayed the case for thirty (30) days, notifying Ms. Foster that if no attorney entered an appearance within that period, the court would dismiss the case for failure to prosecute. (Doc. 13). Within the thirty-day period, Ms. Foster filed her second motion to stay the proceedings, stating that she had not been able to obtain representation and seeking an extension of the stay. (Doc. 14). The court granted that motion as well, giving Ms. Foster another thirty (30) days to obtain representation or file an amended complaint that complies with the Federal Rules of Civil Procedure. (Doc. 15). The court notified Ms. Foster that if it did not receive either an amended complaint or a notice of appearance from an attorney, the court would dismiss the case for failure to state a claim, as required by 28 U.S.C. § 1915(e)(2)(B), and for failure to comply with this court's order. (*Id.* at

2). The day before that deadline passed, Ms. Foster filed her third motion to stay the case while she sought an attorney. (Doc. 16). Again, the court granted the motion, extending the stay for another thirty (30) days, until August 29, 2019. (Doc. 17 at 1). The court directed Ms. Foster to file an amended complaint, either through counsel or *pro se*, by that deadline. (*Id.*). The court notified Ms. Foster that if she did not file an amended complaint, the court would dismiss the complaint for failure to state a claim, as required by 28 U.S.C. § 1915(e)(2)(B)(ii). (*Id.*).

The deadline has passed and Ms. Foster did not file an amended complaint. Instead, she has filed a fourth motion to stay the case "indefinitely" while she seeks the assistance of counsel. (Doc. 18). The court **DENIES** the motion because this case has already been stayed for over three months, during which time Ms. Foster sought an attorney. The court does not find that continuing the stay is in the interest of justice.

Moreover, because Ms. Foster is proceeding *in forma pauperis*, the court must screen her complaint as required by 28 U.S.C. § 1915(e)(2). Section 1915(e) requires the court to dismiss the case "if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under that standard, the court must dismiss the case if the

plaintiff fails to plead "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Federal Rule of Civil Procedure 8 requires that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). As mentioned above, Ms. Foster's complaint sets out no facts to support her claims of employment discrimination. (Doc. 1). However, the charge that she filed with the EEOC states that a coworker sexually harassed her daily, and that her complaints to management of the company's owner resulted in disciplinary actions, reduction in work, and other retaliatory actions, and ultimately led to her termination. (Doc. 5 at 4).

The court liberally construes a *pro se* litigant's allegations. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). And the Eleventh Circuit has held that a *pro se* plaintiff's filing of an EEOC charge can satisfy "the 'short and plain statement' requirement of Rule 8(a)(2)." *Judkins v. Beech Aircraft Corp.*, 745 F.2d 1330, 1332 (11th Cir. 1984). Thus, the court will not dismiss her complaint for failure to provide adequate factual allegations. However, neither Ms. Foster's complaint nor her

EEOC charge contain any indication of what relief she seeks. *See Goldsmith v. City of Atmore*, 996 F.2d 1155, 1161 (11th Cir. 1993) (finding that a *pro se* plaintiff's filing, which consisted of a right to sue letter and a signed memorandum describing the factual basis for her claim, was nonetheless deficient because it did not contain "a single reference to any requested relief which would satisfy the minimal requirements of Rule 8(a)(3)"). And a statement of the relief sought is just as much a requirement to state a claim as a statement of the factual allegations underlying the claim. *See* Fed. R. Civ. P. 8(a).

Both the magistrate judge and this court have repeatedly ordered Ms. Foster to file an amended complaint that sets out, among other things, the relief she seeks. (*See* Doc. 6 at 3; Doc. 15 at 3; Doc. 17 at 2). Ms. Foster has not done so, and the court may not "rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments, Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Accordingly, the court finds that Ms. Foster's complaint fails to state a claim upon which relief may be granted, and the court must dismiss her suit. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, the court **WILL DISMISS** the case for failure to state a claim, as required by 28 U.S.C. § 1915(e)(2)(B)(ii).

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this September 3, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE